UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:92-CR-70-BO-1
NO. 4:14-CV-36-BO

| | |
|---|---|
| KYLE JOSEPH MOMON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This cause comes before the Court on the government's motion to dismiss [DE 161] petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 149]. For the following reasons, the government's motion is DENIED.

## BACKGROUND

On July 2, 1993, a jury convicted petitioner of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 (count one), conspiracy to possess firearms during a drug trafficking crime in violation of 18 U.S.C. § 871 (count two), maintaining a dwelling for distribution of cocaine base (crack) in violation of 21 U.S.C. § 856 (counts three and four), and use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count seven). On September 27, 1993, the Court sentenced petitioner to 260 months' imprisonment on count one to run concurrent with 60 months' imprisonment on count two and 240 months' imprisonment on counts three and four. [DE 53]. The court sentenced petitioner to a consecutive 60 months' imprisonment on count seven resulting in a total term of 420 months' imprisonment. [DE 53]. On April 24, 1995, the Fourth Circuit affirmed petitioner's conviction and sentence. [DE 56].

Petitioner has previously filed two 28 U.S.C. § 2255 motions with this Court. On December 23, 1996, petitioner filed his first § 2255 motion [DE 61], and on May 20, 1997, the Court granted the government's motion to dismiss and dismissed petitioner's § 2255 motion on the merits. [DE 70]. On October 30, 1997, the Fourth Circuit dismissed petitioner's appeal of the Court's judgment on his § 2255 motion. [DE 72]. On January 9, 2006, petitioner filed a motion to "preserve *Apprendi/Blakely/Booker* issues if ever made retroactive." [DE 88]. The Court construed this motion as one pursuant to § 2255 and dismissed it as improperly successive on April 19, 2006. [DE 90]. On May 30, 2014, the Court granted petitioner's motion to reduce sentence regarding crack cocaine offense and reduced petitioner's sentence on count one to 292 months' imprisonment. [DE 159].

On March 6, 2014, petitioner filed the instant motion to vacate under § 2255. [DE 142]. On April 28, 2014, petitioner filed a corrected motion to vacate on the proper form. [DE 149]. On June 9, 2014, the government filed its motion to dismiss. [DE 161]. On June 11, 2014, the Fourth Circuit published its decision in *United States v. Hairston*, ___ F.3d ___, 2014 U.S. App. LEXIS 10846 (4th Cir. Jun. 9, 2014), which clarified the law on second or successive petitions.

## DISCUSSION

In *Hairston*, the district court dismissed Hairston's § 2255 motion on the grounds that he did not meet the requirements of a permissible second or successive motion to vacate. The Fourth Circuit reversed, finding that the petitioner's motion in that case was not successive. The petitioner in *Hairston* was sentenced under a guideline calculation that included a state court conviction. The petitioner filed an unsuccessful § 2255 motion. After that motion was dismissed, one of his state court convictions was vacated after which Hairston returned to federal court and filed another § 2255 petition based on the vacated conviction. *Hairston*, at *2–5. The *Hairston*

2

court held that "a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where, as here, the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated."

Here petitioner raises his claim for relief based on the vacatuer of three state court misdemeanor convictions which were relied on in his PSR to compute his criminal history score. Petitioner's first misdemeanor was vacated on May 17, 1996, his second on December 31, 1996, and his third on January 8, 2014. Here, unlike the petitioner in *Hairston*, two of the convictions were vacated before petitioner's second § 2255 motion (one was vacated before petitioner filed his first § 2255 motion). However, the third conviction was not vacated until 2014, well after petitioner's previous § 2255 petitions. It is clear that under the ruling in *Hairston*, the portion of petitioner's claim based on this third vacated conviction cannot be considered improperly successive despite petitioner's failure to receive preclearance from the court of appeals before filing his motion. What is less clear is how the ruling affects the portions of petitioner's claim based on the convictions vacated in 1996.

Regardless, it is clear that some portion of petitioner's claims survives the motion to dismiss and it is therefore denied without prejudice. The government is instructed to brief the merits of petitioner's § 2255 petition and to brief the effect of *Hairston* as it applies in this case. The government should discuss what effect the vacating of the third state conviction has on petitioner's sentence. The government should also discuss the effect of the § 2255 motion not being second or successive and how it affects petitioner's claims based on the convictions vacated in 1996. The U.S. Attorney is ordered to respond within 40 days of the filing of this order and petitioner shall have the normal allotment of time to respond.

3

Case 4:92-cr-00070-BO Document 168 Filed 06/27/14 Page 3 of 4

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is DENIED WITHOUT PREJUDICE. The U.S. Attorney is ORDERED to RESPOND within 40 days of the filing of this order.

SO ORDERED,

this ___26___ day of June, 2014.

                                          TERRENCE W. BOYLE
                                          UNITED STATES DISTRICT JUDGE