IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:92-CR-70-BO-1
NO. 4:14-CV-36-BO

KYLE JOSEPH MOMON,                    )
                    Petitioner,       )
                                      )
v.                                    )          ORDER
                                      )
UNITED STATES OF AMERICA,             )
                                      )
                    Respondent.       )

This cause is before the Court on petitioner's corrected motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 149] and the government's motion to dismiss [DE 170]. The time for petitioner to reply has elapsed, and the matter is ripe for ruling. The government's motion to dismiss is GRANTED and petitioner's § 2255 is DISMISSED.

## BACKGROUND

Petitioner, Mr. Momon, was sentenced by this Court to a total term of 420 months imprisonment on September 27, 1993, following his conviction at trial for conspiracy to distribute cocaine base (crack) in violation of 21 U.S.C. § 846, conspiracy to possess firearms during a drug trafficking crime in violation of 18 U.S.C. § 871, two counts of maintaining a dwelling for distribution of crack in violation of 21 U.S.C. § 856, and use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). [DE 53]. Mr. Momon filed a direct appeal, and the Fourth Circuit Court of Appeals affirmed his conviction and sentence on April 24, 1995. [DE 56]. Petitioner then filed his first § 2255 motion on December 23, 1996, [DE 61], which was dismissed by order entered May 20, 1997. [DE 70]. Mr.

Momon appealed this Court's dismissal and the court of appeals dismissed the appeal by opinion entered October 30, 1997. [DE 72].

In 2006, petitioner filed a motion to preserve the issues raised by the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). [DE 88]. This Court construed his motion as a § 2255, and dismissed the petition as successive on April 19, 2006. [DE 90].

Mr. Momon then filed a third motion to vacate on March 6, 2014, challenging the calculation of his criminal history score following state court vacaturs of three prior convictions. [DE 142]. He subsequently filed a corrected motion to vacate on the proper form [DE 149]. The government filed a motion to dismiss the petition as second or successive. [DE 161]. Relying on the Fourth Circuit's decision in *United States v. Hairston*, 754 F.3d 258 (4th Cir. 2014), this Court denied the government's motion without prejudice. [DE 168]. The government filed a new motion to dismiss on August 6, 2014, in which it conceded the petition was not successive, but argued that it was, *inter alia*, untimely.

## DISCUSSION

Petitioner's only claim is that the vacatur of three prior California state convictions renders erroneous this Court's calculation of his criminal history score under the United States Sentencing Guidelines. Mr. Momon's criminal history at his sentencing consisted of three prior California convictions: an April 11, 1991, conviction for battery, an April 12, 1991, conviction for driving with a suspended license, and an April 15, 1991, conviction for vandalism. In 1996, over two years after his federal sentencing, Mr. Momon filed two separate motions to vacate his California vandalism and battery convictions. Both were vacated that same year. On August 9,

2

2013, petitioner filed a third motion to vacate his conviction for driving with a suspended

license. That motion was granted and his prior conviction was vacated on January 8, 2014.

The government contends that the Court should dismiss petitioner's motion as untimely

under 28 U.S.C. § 2255(f). A motion under § 2255 must be filed within one year of the latest of

four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on

which an impediment to making a motion that is created by the government is removed; (3) the

date the Supreme Court initially recognizes a right that is made retroactively applicable to cases

on collateral review; or (4) the date on which new facts are discovered through the exercise of

due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4). Petitioner's conviction became

final on July 24, 1996, when his time to file a petition for writ of certiorari expired. The instant

petition was filed on March 6, 2014, almost 18 years after the statute of limitations expired under

§ 2255(f)(1).

Petitioner appears to argue that his motion is timely under § 2255(f)(4). In *Johnson v.

United States*, 544 U.S. 295 (2005), the Supreme Court held that the vacatur of a defendant's

prior state court conviction was a matter of fact that could reopen the one-year statute of

limitations period under 28 U.S.C. § 2255(f)(4). 544 U.S. at 308. The Supreme Court went on to

say that a defendant is "obligated to act diligently to obtain [a] state-court order vacating his

predicate conviction," once the federal judgment is entered. *Id.* at 310.

Mr. Momon's first two prior convictions were vacated on May 17, 1996, and December

31, 1996. Because he waited almost 18 years after those convictions were vacated to file his §

2255 in federal court, his motion falls outside the one year statute of limitations under §

2255(f)(4), and he is ineligible for relief with regard to the two 1996 vacaturs.

3

Mr. Momon did file his § 2255 motion within one year of the January 8, 2014, vacatur of

his prior conviction for driving with a suspended license. Given that he waited until August 19,

2013, to file for vacatur of his 1991 conviction for driving without a license, however, the Court

finds that he did not act with the diligence required by *Johnson*. In *Johnson*, the Supreme Court

found that petitioner's delay in filing his state habeas petition of over 21 months was

unreasonable. 544 U.S. at 311. Mr. Momon waited almost 20 years after his federal judgment

was entered to challenge this state conviction and has given no explanation for the delay. As

such, Mr. Momon's petition is untimely.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must

issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability shall not issue absent "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by

demonstrating that reasonable jurists would find that an assessment of the constitutional claims is

debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-*

*El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose*

*v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's

dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

4

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss [DE 170] is GRANTED and

petitioner's motion to vacate [DE 149] is DISMISSED. A certificate of appealability is

DENIED.

SO ORDERED.

This the _18_ day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5