IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:92-CR-70-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KYLE JOSEPH MOMON | ) | |

This matter is before the Court on defendant's motion requesting early termination of his term of supervised release. The government has responded in opposition, and the matter is ripe for ruling.

Defendant Kyle Momon was sentenced to a total term of 420 months' imprisonment after he was found guilty by a jury of drug and firearm offenses. [DE 115; paper docket]. Momon was also sentenced to a term of five years of supervised release on count one and three years of supervised release on counts two, three, four, and seven, to run concurrently with each other. *Id.* By order entered May 30, 2014, the Court reduced Momon's sentence of imprisonment on count one from 360 months' imprisonment to 292 months' imprisonment on a motion pursuant to 18 U.S.C. § 3582(c)(2); Momon's sentences on his remain counts of conviction and his terms of supervised release remained unchanged. [DE 159]. Momon's sentence on count one was again reduced under § 3582(c)(2) to 235 months' imprisonment on March 5, 2015. [DE 181]. It appears that Momon was released to begin his term of supervised release in October 2015 and that Momon is being supervised by the United States Probation Office in Los Angeles, California. [DE 215].

Momon filed a letter requesting early termination of his term of supervised release on February 26, 2018. [DE 213]. In his letter, Momon states that he has made changes to his attitude and his willingness not to jeopardize his freedom. He has made every effort to legally support his family by maintaining gainful employment, has obtained a driver's license, and mentors young men in his spare time. Momon has enrolled in school to take computer classes and has been otherwise successful on probation. The government has responded in opposition to the motion, but notes that the U.S. Probation Office has confirmed that Momon has complied with the terms of his supervised release and that his risk category is classified as low/moderate. [DE 215].

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant" after the defendant has served one year of supervised release provided that certain conditions are met. First, the Court must consider certain factors set forth in 18 U.S.C. § 3553. Second, the Court may terminate supervised release only "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Section 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The conjunction 'and' used in the statute . . . clearly indicates that a district court must conclude that the early termination of supervised release is warranted by both the individual's conduct and also by the interest of justice.").

Although the Court recognizes that mere compliance with the terms of supervised release is insufficient to warrant early termination, *see Folks v. United States*, 733 F. Supp.2d 649, 652 (M.D.N.C. 2010) (collecting cases), after considering the requisite factors in § 3553(a), the Court finds that early termination is warranted in this instance. Momon's conduct since his release, including maintaining steady employment, refraining from further criminal conduct, maintaining positive personal relationships, and working to further his employment opportunities,

demonstrates that the goals of supervised release have been satisfied. Momon has completed almost three years of supervised release without incident, and the Court has determined that additional supervision would not further the interests of justice. The motion for early termination [DE 213] is therefore GRANTED.

SO ORDERED, this __20__ day of April, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE